```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------------X
CARLOS ARRIAGA, on behalf of
himself and others similarly situated,                    COMPLAINT

                    Plaintiff,
                                                          FLSA COLLECTIVE
       -against-

ANTHONY LOGISTICS OF HUDSON COUNTY LLC,
and 2SH SERVICES LLC d/b/a ANTHONY LOGISTICS OF
HUDSON COUNTY LLC, and SANTOS HERNANDEZ,
individually,

                    Defendants.
---------------------------------------------------------------------------X
```

Plaintiff Carlos Arriaga ("Plaintiff" or "Arriaga"), individually and on behalf of others similarly situated, by and through their attorney, The Law Offices of Jacob Aronauer, complaining of Anthony Logistics of Hudson County LLC and 2SH Services LLC d/b/a Anthony Logistics of Hudson County LLC ("ALHC"), and Santos Hernandez, individually (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiff on behalf of himself and all similarly situated truck drivers and helpers who worked for Defendants to recover overtime compensation and unpaid earned wages owed to them pursuant to the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law N.J.S.A. 34:11-56(a) *et seq.*, ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*, ("NJWPL"), respectively.

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former truck drivers and helpers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision

of 29 U.S.C. § 216(b), to remedy violations of the wage and hour and wage notice provisions of the FLSA, NJWHL, and NJWPL that occurred at Defendants' business.

3. Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, earned wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, NJWHL, and NJWPL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b) and (c), and 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New Jersey state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Carlos Arriaga**

7. Plaintiff is and was at all times relevant hereto an adult individual residing in Hudson County, New Jersey.

8. From on or about March 7, 2021 until on or about December 24, 2021, Plaintiff worked as a truck driver helper for Anthony Logistics of Hudson County LLC and 2SH Services LLC.

9. Plaintiff is a covered employee within the meaning of the FLSA, NJWHL, and NJWPL.

**Defendant Anthony Logistics of Hudson County LLC**

10. Defendant Anthony Logistics of Hudson County LLC is a business incorporated in the State of New Jersey, with its principal place of business located at 310 Division Ave, Belleville, NJ.

11. At all times relevant to this action, ALHC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. On information and belief, Santos Hernandez is the owner of ALHC.

13. On information and belief, Hernandez owns and maintains control, oversight, and direction over Anthony Logistics.

14. On information and belief, ALHC (1) engages in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

15. Defendant AHLC employed similarly situated employees of the FLSA Collective at all times relevant.

16. On information and belief, AHLC works in conjunction with Defendant 2SH Services LLC and they offer the same services.

**Defendant 2SH Services LLC**

17. Defendant 2SH Services LLC ("2SH Services") is a business incorporated in the State of New Jersey, with its principal place of business located at 310 Division Ave, Belleville, NJ 07109-2119.

3

18. At all times relevant to this action, 2SH Services is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19. On information and belief, Hernandez is the owner of 2SH Services.

20. On information and belief, Hernandez owns and maintains control, oversight, and direction over 2SH Services.

21. On information and belief, 2SH Services (1) engages in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

22. Defendant 2SH Services employed similarly situated employees of the FLSA Collective at all times relevant.

23. On information and belief, 2SH Services works in conjunction with Defendant Anthony Logistics and they offer the same services.

**Defendant Santos Hernandez**

24. Defendant Santos Hernandez is a person engaged in business in Hudson County, who is sued individually in his capacity as an owner, officer and/or agent of ALHC and 2SH Services.

25. Defendant Hernandez exercises sufficient control over ALHC to be considered Plaintiff's employer under the FLSA, NJWHL, and NJWPL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

4

26. Defendant Hernandez exercises sufficient control over 2SH Services to be considered Plaintiff's employer under the FLSA, NJWHL, and NJWPL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

27. Defendant Hernandez employed Plaintiff and similarly situated employees at all times relevant.

28. Defendant Hernandez had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of other similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

30. Presently, the FLSA Collective consists of approximately 30 similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, willfully denying them overtime wages.

31. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following:

   i. failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

>    ii. failing to keep accurate records of hours worked by employees as required by the FLSA.

32. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

33. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

34. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 hours during any workweek, unless they are exempt from coverage.

35. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employees' wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

36. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day

designated by the employer in accordance with the FLSA; and anything otherwise required by law.

37. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with the FLSA.

## STATEMENT OF FACTS

**Defendants' General Employment Practices**

38. ALHC is a trucking company that offers delivery of goods including, but not limited to, furniture.

39. Likewise, 2SH Services is a trucking company that offers delivery of goods including, but not limited to, furniture.

40. As noted earlier, ALHC and 2SH Services are essentially the same company; they provide the same services at the same location and are both owned and controlled by Hernandez.

41. Defendant Hernandez pays his employees via checks without withholdings from primarily Anthony Logistics but also in some instances 2SH Services.

42. ALHC moves furniture on behalf of Costco, which is closely located to ALHC's establishment.

43. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40

hours a week without paying appropriate overtime compensation as required by federal and state laws.

44. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and NJWHL by, *inter alia*, not paying him for all hours worked and time and a half for work performed after 40 hours.

45. Plaintiff did not cross state lines in the course of his employment with Defendants.

**Plaintiff Arriaga's Employment with Anthony Logistics**

46. From on or about March 7, 2021 to on or about December 24, 2021, Plaintiff worked as a truck driver helper ("Helper") on behalf of Defendants.

47. Plaintiff was paid in checks from mostly Anthony Logistics of Hudson County LLC but sometimes 2SH Services LLC.

48. As a Helper, Plaintiff's job duties included assisting the driver to load, unload, and move furniture. Plaintiff occasionally had to assemble the furniture upon delivery.

49. When Plaintiff worked on behalf of Defendants, he was not free to perform his services for any other company.

50. Defendants dictated Plaintiff's work schedule and his salary.

51. Defendants provided Plaintiff with the tools and equipment Plaintiff needed to perform delivery services.

52. These tools and equipment included, but were not limited to, the trucks, the dollies and hand trucks used to transport the furniture from the truck to the respective customer's residence.

53. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

54. Throughout his employment with Defendants, Plaintiff was not compensated for overtime in compliance with the FLSA and New Jersey wage payment laws.

**Plaintiff Arriaga's Work Schedule and Salary at Anthony Logistics**

55. From on or about March 7, 2021 through on or about October 2021 ("Time Period One"), Plaintiff was scheduled to work six days per week, with Sundays off.

56. During Time Period One, Plaintiff was scheduled to work from 6:00 a.m. to 4:00 p.m. for Defendants.

57. During Time Period One, Plaintiff occasionally worked after 4:00 p.m.

58. From on or about November 2021 through on or about December 2021 ("Time Period Two"), Plaintiff was scheduled to work Monday through Saturday.

59. During Time Period Two, Plaintiff was scheduled to work from 6:00 a.m. to 10:00 p.m. for Defendants.

60. During Time Period Two, Plaintiff occasionally worked on Sundays.

61. When Plaintiff worked on Sundays, Plaintiff was not paid.

62. Throughout Plaintiff's employment with Defendants, Plaintiff was not required to clock-in or clock-out.

63. Plaintiff, similar to other employees of Defendants, received a daily schedule of drop off locations.

64. Throughout Plaintiff's employment he was paid by check.

65. Throughout Plaintiff's employment, when Defendants paid Plaintiff, they did not provide him with an accurate notation of the hours he worked.

66. From March 2021 through July 2021, Plaintiff was paid $900 per week.

67. From August 2021 through December 2021, Plaintiff was paid $1,000 per week.

68. Plaintiff was only paid for the first 40 hours that he worked.

69. Defendants never paid Plaintiff overtime in compliance with the FLSA and the NJWHL.

70. Every month, Defendants took and/or authorized the taking of deductions from Plaintiff's paycheck in the amount of $150 for purported "parking fees."

71. The "parking fees" were not for Plaintiff's mode of transportation but, rather, for the trucks that he used to make deliveries on behalf of Defendants.

72. From July 17, 2021 to August 16, 2021, Plaintiff did not work for Defendants due to a dispute over the monthly deduction from his paycheck of $150 for purported "parking fees."

73. At no point in time did Defendants discuss with Plaintiff what, if any, would be his overtime rate of pay.

74. At no point in time did Defendants discuss with Plaintiff what, if any, would be his hourly rate of pay.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.***
**(On Behalf of Plaintiff and the FLSA Collective)**

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per workweek.

77. At all relevant times throughout Plaintiff's employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in

excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

78. At all times relevant throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

79. Defendants' decision not to pay overtime was willful.

80. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this court deems just and proper.

**SECOND CAUSE OF ACTION**
**New Jersey Wage and Hour Law – Unpaid Overtime Wages**
**(On Behalf of Plaintiff and the FLSA Collective)**

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of Plaintiff within the meaning of the NJWHL and the supporting New Jersey Department of Labor Regulations.

83. At all times relevant, Plaintiff was covered by the NJWHL.

84. At all times relevant to this action, Defendants were responsible for paying overtime wages to Plaintiff for each hour worked in excess of 40 in a week at a rate of time and one-half his regular rate of pay.

85. At all times relevant Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half his regular rate of pay.

86. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NJWHL and the supporting New Jersey Department of Labor Regulations.

87. Defendants' failure to pay required overtime was willful.

88. Through their knowledge and intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NJWHL, N.J.S.A. §34:11-56(a), *et seq*. and the supporting New York State Department of Labor Regulations.

89. Due to Defendants' willful violations of the NJWHL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest as provided by the NJWHL.

## THIRD CAUSE OF ACTION
### New Jersey Wage and Hour Law – Illegal Pay Deductions
### (On Behalf of Plaintiff and the FLSA Collective)

90. Plaintiff realleges and incorporates by reference all previous paragraphs.

91. Defendant willfully withheld and/or diverted a portion of Plaintiff's wages by routinely taking improper deductions from the wages of Plaintiff.

92. N.J.S.A. 34:11-4.4 provides that: "[n]o employer may withhold or divert any portion of an employee's wages unless: (a) [t]he employer is required or empowered to do so by New Jersey or United States Law.

93. N.J.S.A. 34:11-4.4(b) contains subparts numbered (1) through (11) which identify the legitimate and lawful circumstances under which an employer may withhold or divert sums from their employees' wages.

94. None of the subparts identified in N.J.S.A. 34:11-4.4(b) apply to the claims asserted in this Complaint by Plaintiff.

95. By routinely withholding and/or diverting Plaintiff's wages, Defendants violated N.J.S.A. 34:11-4.4.

96. Defendants systematically took many unlawful deductions from Plaintiff's wages, including, *inter alia*, deductions of as much as approximately $150 per month for the "parking garage," or the storage of vehicles overnight that Plaintiff operated on behalf of Defendants.

97. These unlawful deductions were taken from the pay of Plaintiff during a period of time in which Plaintiff was unlawfully and incorrectly treated as a purported "independent contractor" (when he was, in fact and in law, an "employee" under the FLSA and the NJWHL), as well as when he was finally appropriately treated as an employee.

98. The NJWHL creates a private cause of action for employees to sue in court for wages claimed to be due. A claim for wages improperly withheld or diverted is a claim for nonpayment of wages due for which there is a private cause of action under New Jersey statutory law.

99. Plaintiff seeks damages in the amount of all improper deductions, as well as any and all available statutory and/or punitive damages, pre- and post-judgment

interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**New Jersey Wage Payment Law – Failure to Pay Earned Wages**
**(On Behalf of Plaintiff and the FLSA Collective)**

100. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101. NJWPL § 34:11-4.2 *et seq*. requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular pay days that are designated in advance by the employer.

102. Defendants are employers within the meaning of the NJWP and Plaintiff is an employee within the meaning of the NJWPL.

103. Plaintiff consistently worked more than 40 hours per week, and thus, was entitled to overtime pay.

104. Defendants did not pay Plaintiff the full amount of wages due to him each pay period.

105. Overtime pay is part of Plaintiff's "wages" and therefore, in violation of Wage Payment Law N.J.S.A. 34:11-4.2, Defendant failed to pay Plaintiff full amount of wages due on regular pay days, as they were required.

106. Defendant's action in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief and were in violation of the New Jersey Wage Payment Law N.J.S.A. 34:11-4.10. Plaintiff is entitled to full payment for all wages due to him that were not paid.

107. As a result of Defendants' NJWPL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL's wage payment provisions.

## FIFTH CAUSE OF ACTION
### New Jersey Wage Payment Law – Failure to Provide Accurate Wage Notices
### (On Behalf of Plaintiff and the FLSA Collective)

108. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

109. Defendants willfully failed to supply Plaintiff with wage notices, as required by NJWPL in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NJWPL.

110. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NJWPL, Defendants willfully violated NJWPL and the supporting New Jersey Department of Labor Relations regulations.

111. Due to Defendants' willful violations of NJWPL, Plaintiff is entitled to recover damages determined by the statute, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NJWPL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Anthony Logistics LLC, 2SH Services LLC, and Santos Hernandez, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

(c) Damages for the unpaid overtime wages, illegal pay deductions, wages and notice damages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages, interest, attorneys' fees, and the cost of the action as provided by the NJWHL and NJWPL.

(d) For pre-judgment and post-judgment interest on the foregoing amounts;

(e) For the costs and disbursements of this action, including attorneys' fees; and

(f) For such other further and different relief as this Court deems just and proper.

Dated: February 1, 2022
      New York, New York

                                   **THE LAW OFFICES OF JACOB ARONAUER**

                                   Respectfully submitted,

                                   */s/ Jacob Aronauer*
                                   Jacob Aronauer
                                   225 Broadway, 3rd Floor
                                   New York, NY 10007
                                   (212) 323-6980
                                   jaronauer@aronauerlaw.com